IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PANHANDLE EASTERN PIPE LINE
COMPANY, LP, a Delaware Limited
Partnership,

                Plaintiff,

v.

ANITA TARRALBO, *et al.*,

                Defendants.

Case No. 20-CIV-00751-D

## ORDER

Before the Court is Defendants Anita Tarralbo's, Donna Hoehner's and Todd Ward's Motion to Dismiss for Lack of Subject Matter Jurisdiction And/Or Failure to State a Claim and Brief in Support [Doc. No. 11]. Plaintiff filed a Response [Doc. No. 25],[1] to which Defendants replied [Doc. No. 28]. The matter is fully briefed and at issue.

## BACKGROUND

This is a case about eminent domain. Plaintiff, Panhandle Eastern Pipe Line Company, LP, is a private entity that operates a compressor station located in Kingfisher County, Oklahoma. Plaintiff operates this station pursuant to a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission. Defendants Anita Tarralbo, Donna Hoehner, and Todd Ward ("the Landowners") own the property on which the compressor station is located ("the Property").

---

[1] It appears Plaintiff used a typeface smaller than 13-point in violation of LCvR7.1(d).

1

Plaintiff leased the Property from the Landowners from April 19, 2009, until the lease expired. After the lease expired, the parties agreed to a one-year extension. This extension ended on April 20, 2020. Plaintiff offered to purchase the Property, but the parties could not reach an agreement. Plaintiff filed this eminent domain action pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h), on August 30, 2020.

Defendants have filed the instant Motion to Dismiss [Doc. No. 11] pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Defendants assert that the Court lacks subject matter jurisdiction because the eminent domain provision of the NGA does not apply.

## STANDARD

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (*citing Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550

2

U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Plaintiff filed this eminent domain action pursuant to § 717f(h) of the NGA. Subsection (h) grants holders of certificates of public convenience and necessity the right to acquire property by eminent domain in certain circumstances. Federal Rule of Civil Procedure 71.1 "govern[s] proceedings to condemn real and personal property by eminent domain." *N. Border Pipeline Co. v. 64.111 Acres of Land*, 344 F.3d 693 (7th Cir. 2003) (finding that Rule 71.1 applies in condemnation suits under § 717f(h) instead of the previous state by state practice under § 717f(h)). Although "state law defines the nature of the real or personal property interest claimed," this federal action "is governed by federal

law and precedent." 2 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure, Rules and Commentary* Rule 71.1 (2021).

The Advisory Committee Notes to Rule 71.1(e) plainly provide: "Departing from the scheme of Rule 12, subdivision (e) requires all defenses and objections to be presented in an answer and does not authorize a preliminary motion. There is little need for the latter in condemnation proceedings. . . ." FED. R. CIV. P. 71.1 advisory committee's note to the original report.

Case law on the issue is scant, but some courts have weighed in. *See Mountain Valley Pipeline, LLC v. Western Pocahontas Prop. Ltd. P'ship*, 918 F.3d 353, 364 (4th Cir. 2019) ("Under the plain language of Rule 71.1 and our precedent, a defendant in a condemnation action is not permitted to file any pleading or motion aside from the initial answer."); *Columbia Gas Transmission, LLC v. Booth*, No. 1:16-CV-1418, 2016 WL 8794471, at *1 (N.D. Ohio Oct. 4, 2016) ("A defendant may either serve a notice of appearance or serve an answer, but those are the only two options."); *Sabal Trail Transmission, LLC v. Estate*, 2016 WL 3248367, at *3 (M.D. Ga. June 10, 2016) ("[T]he proper vehicle for asserting objections and defenses to a taking is the answer, not a motion to dismiss or a counterclaim."); *Columbia Gas Transmission, LLC v. 370.393 Acres*, No. 1:14-0469-RDB, 2014 WL 2919709, at * (D. Md. June 26, 2014) ("Defendants may raise their objections and defenses to the condemnation in an answer to the Complaint, . . . but 'no other pleading or motion asserting an additional objection is allowed.'"). *Accord* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3048 (3d ed. 2020) ("Rule 71.1(e) provides that all objections or defenses to the taking must be asserted

4

in the answer. No other pleading or motion is allowed."); Gensler & Mulligan, *supra*, Rule 71.1 ("The text of Rule 71.1(e)(3) was expressly intended to prohibit the filing of pre-answer motions that otherwise would be authorized by Rule 12 . . . Thus, it is clear that parties may not raise objections or defenses via pre-answer motions, but instead must answer and assert them in that filing.").

Defendants argue that Rule 71.1(e) applies only when a defendant files a pre-answer motion asserting an additional objection or defense not raised in the answer. *See* Mot. to Dismiss [Doc. No. 11] at 1. Defendants direct the Court to an unpublished case from the Northern District of Illinois to support their position. *See Village of Wheeling v. Fragassi*, No. 09 C 3124, 2010 WL 3087462, at *3 (N.D. Illl. Aug. 2, 2010). There, the court placed emphasis on the word "additional" in Rule 71.1(e). *Id.* The defendants in *Wheeling* raised only defenses that were contained in the answer, and they filed the motion after they had already filed their answer. *Id.* The court, instead of striking the motion to dismiss, found that the defendants "present[ed] a stronger argument for having its Motion determined on the merits . . . because . . . the [defendants] filed an answer containing affirmative defenses prior to its Motion." *Id.* Here, however, Defendants' Rule 12 Motion was filed on the same date as the Answer, *see* Doc. Nos. 11, 12, and in any event, the procedure followed by the court in *Wheeling* appears contrary to that of most courts addressing the operation of Rule 71.1(e).

Defendants cite no other support for their contention. The Tenth Circuit has not addressed the issue. The Court finds that most federal courts that have addressed Rule 71.1(e) have found that a defendant in an eminent domain action has two options (1)

5

appear, or (2) answer. These options conform with the spirit of the Advisory Committee's Notes to Rule 71.1(e) at the time the rule was drafted.

Defendants attempt to raise a due process argument, stating that Plaintiff wants to "leapfrog straight to the question of just compensation." Pl.'s Reply Br. [Doc. No. 28] at 9. The structure of Rule 71.1, however, prevents such a leapfrog. First, the Court determines whether the taking is proper. Gensler & Mulligan, *supra*, Rule 71.1. If the Court concludes the taking is not proper, the analysis ends. *Id.* "Only if the court concludes that the taking is proper does the court proceed to the second stage to locate possible additional property owners and to determine—by tribunal, jury trial, commission, or bench trial—the just compensation that must be paid for the property being taken." *Id.* In sum, the Court finds that filing a pre-answer motion was improper under Rule 71.1. Accordingly, the instant Motion is **STRICKEN.**

## CONCLUSION

For the reasons set forth herein, Defendants' Motion [Doc. No. 11] is **STRICKEN.**

**IT IS SO ORDERED** this 29th day of March, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge