IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE COMPANY, LP, a Delaware Limited Partnership,<br><br>                      Plaintiff,<br><br>v.<br><br>ANITA TARRALBO, *et al.*,<br><br>                      Defendants. | Case No. CIV-20-751-D |

**ORDER**

Before the Court are the parties' filings in response to the Court's Order [Doc No. 74] directing them to advise the Court of whether the character, location, or quantity of the property justifies the appointment of a commission to determine just compensation for the taking of Defendants' property by exercise of eminent domain under 15 U.S.C. § 717f(h). [Doc. Nos. 79 and 80]. The Court's Order stated:

> **IT IS FURTHER ORDERED** that, within 21 days of this Order, Plaintiff shall advise the Court of whether the character, location, or quantity of the property justifies the appointment of a commission to determine just compensation. Defendants shall respond to Plaintiff's filing within 14 days. Neither document shall exceed ten pages.

Order [Doc. No. 74] at p. 11. Plaintiff Panhandle Eastern Pipe Line submitted a filing requesting the appointment of a commission [Doc. No. 79]; that filing also includes a motion for the Court to determine the date of the taking of Defendants' property. Defendants Anita Tarralbo, Donna Hoehner, and Todd Ward filed a response [Doc. No. 80], opposing the request for appointment of a commission and the motion to

determine the date of the taking. Plaintiff then filed an unauthorized reply brief [Doc. No. 81].

The Court will consider only the issue it directed the parties to discuss, and the Court will consider only the filings it authorized on that issue. Thus, any portion of the filings not devoted to whether a commission should be appointed to determine just compensation and Plaintiff's reply brief are disregarded.

Under Rule 71.1(h), the issue of just compensation in a condemnation case may be determined by tribunal, jury trial, commission, or bench trial. Since the Natural Gas Act does not designate a tribunal to determine compensation, this phase may not proceed by tribunal. *Rockies Express Pipeline, LLC v. 4.895 Acres of Land*, No. 2:08-cv554, 2008 WL 5050644, at *1 (S.D. Ohio Nov. 20, 2008); *see Rover Pipeline LLC v. Kanzigg*, No. 2:17-cv-105, 2017 WL 5068458, at *3 (S.D. Ohio June 1, 2017). And since Defendants made timely jury demands in their answer to the complaint and in their answer to the amended complaint, [Doc. Nos. 12 and 54], the second phase may not proceed by bench trial, either. Fed. R. Civ. P. 71.1(h)(1)(B). "If a party has demanded a jury, the court may instead appoint a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons." Fed. R. Civ. P. 71.1(h)(2)(A). The Court, therefore, must determine whether a jury or a three-person commission should determine the issue of just compensation. Fed. R. Civ. P. 71.1(h)(2)(A).

The Tenth Circuit has instructed district courts to appoint a commission, and thereby deny jury trial, "only in exceptional cases where because of peculiar circumstances trial by

jury [is] inadvisable." *United States v. Theimer*, 199 F.2d 501, 503 (10th Cir. 1952); *see also United States v. Wallace*, 201 F.2d 65 (10th Cir. 1952); *United States v. Waymire*, 202 F.2d 550 (10th Cir. 1953); *United States v. Hardage*, 58 F.3d 569 (10th Cir. 1995).

> [P]arties to a condemnation proceeding are ordinarily entitled to a jury under Rule [71.1(h)] as a matter of right and that where demand is made for the same the judge must grant a jury trial, unless under the facts as they appear in the case because of the character, location, or quantity of the property to be condemned, or for other reasons revealed by the facts of the case, the interest of justice warrants the submission of question of value and compensation to a commission.

*Theimer*, 199 F.2d at 503–04. "While the Tenth Circuit has recognized 'exceptional,' 'extraordinary' and/or 'peculiar' circumstances sufficient to allow the appointment of commissioners, jury trial is, then, still the standard." *Questar S. Trails Pipeline Co. v. 4.26 Acres of Land*, 194 F. Supp. 2d 1192, 1193 (D.N.M. 2002) (footnote omitted).

The property in this case is a single 20-acre tract upon which Plaintiff has located a natural gas compressor station; it is less than an hour drive from the federal courthouse in Oklahoma City. Plaintiff does not argue the quantity or location of the relevant property justify appointment of a commission. Plaintiff does, however, contend the character of the property warrants appointment of a commission. This argument mostly relies on the method of valuation utilized by Defendants' expert appraiser, who opined that the land should be considered a special purpose property because few properties in the local market have similar facilities to the land's natural gas compressor station.

Although the character of the property is a factor, the Court finds that the character of the property is not so exceptional, extraordinary, or peculiar that the Court should deprive Defendants of the opportunity to present their valuation case to a jury. To be sure,

expert testimony will be required to reach a proper determination of value given the natural gas facilities on the property. But this is not a case involving several tracts of complex character covering a large number of acres; the trier of fact here must determine the value of only one 20-acre tract. The facts, therefore, do not support a finding that this is an exceptional case where, because of peculiar circumstances, trial by jury is inadvisable.

**IT IS THEREFORE ORDERED** that Plaintiff's request for the appointment of a commission to determine just compensation for the taking of Defendants' property by eminent domain is **DENIED**.

**IT IS FURTHER ORDERED** that, within 21 days of this Order, the parties shall submit to the Court a proposed agreed schedule for all remaining motion and trial submission deadlines.

**IT IS SO ORDERED** this 1st day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge